UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DATA AND RESEARCH HANDLING, INC., *doing business as* Workforce Relo, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-00392-WCL-SLC ) |
| PONE VONGPHACHANH, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court in this more than three-year-old case are two motions to strike (DE 103; DE 105), together with supporting memorandums (DE 104; DE 106), filed by Defendants, seeking to strike Plaintiff's jury demand filed on November 27, 2018 (DE 102). The motions to strike are now fully briefed (DE 107; DE 108) and ripe for ruling. For the following reasons, Defendants' motions to strike will be GRANTED.

### *A. Background*

Plaintiff filed this action against Defendants in Allen Superior Court on October 1, 2015, alleging claims of libel and slander; tortious interference with contract and business relationship; negligent training, supervision, and retention; violations of the Lanham Act; and violations of the Sherman Act and the Indiana fair trade regulations. (DE 5). Plaintiff amended its complaint for the first time while in state court. (DE 5). Defendants removed the action here (DE 1), and shortly thereafter filed motions to dismiss (DE 20; DE 29; DE 34). On February 13, 2017, Plaintiff filed a motion to amend its complaint for a second time. (DE 41).

The Court held a preliminary pretrial conference on March 30, 2017, and opened

discovery for the limited purpose of the motions to dismiss. (DE 52). On September 30, 2017, the Court granted Plaintiff's second motion to amend, rendering the motions to dismiss moot. (DE 65).

On October 30, 2017, Defendant National Association of Realtors, Inc. ("NAR"), filed a motion to dismiss Plaintiff's second amended complaint based on a lack of jurisdiction. (DE 74). That same day, the remaining Defendants filed an answer to Plaintiff's second amended complaint. (DE 76; DE 77). On February 27, 2018, the Court granted NAR's motion to dismiss, and NAR was dismissed from the suit. (DE 92). On March 14, 2018, the Court held a scheduling conference, at which a discovery deadline of March 15, 2019, was established. (DE 97). A dispositive motion deadline was subsequently set for April 15, 2019. (DE 98).

On October 18, 2018, Defendant Indiana Association of Realtors, Inc. ("IAR"), filed a motion, seeking to amend its answer for the purpose of adding affirmative defenses now that NAR was no longer a party. (DE 99). Plaintiff did not oppose the motion, and on November 2, 2018, the Court granted IAR leave to amend its answer. (DE 100). IAR filed its amended answer on November 2, 2018. (DE 101). Eleven days later, on November 13, 2018, Plaintiff filed a demand for trial by jury (DE 102), which is the subject of the instant motions to strike.

### B. Applicable Law

"Federal Rule of Civil Procedure 38(b) sets time limits for serving and filing a jury demand." *Lawyer v. 84 Lumber Co.*, No. 96 C 0356, 1997 WL 24748, at *1 (N.D. Ill. Jan. 17, 1997). Rule 38(b) states that a party must demand a jury trial no later than 14 days "after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

"Rule 38(d) means that the district judge may require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline in Rule 38(b)." *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998). "Once such a reason has been advanced, the district court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy." *Id*. (citation and internal quotation marks omitted); *see Merritt v. Faulkner*, 697 F.2d 761, 766-67 (7th Cir. 1983) ("In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." (citation omitted)). Thus, "Rule 39(b) grants wide discretion to the federal courts in considering untimely jury demands." *Merritt*, 697 F.2d at 766-67 ("A jury trial is not a minor feature of our judicial system. The right of a litigant to have his fellow citizens hear and weigh the evidence is a hallmark of our jurisprudential system." (citations omitted)).

"The exercise of discretion requires an analysis of the facts of the particular case." *Id*. at 767. "Factors that have been considered in resolving late requests for jury demands include whether there is a right to a jury trial; whether the issues in the case are best suited to be tried before a jury; disruption to the court's or parties' schedules; prejudice to the adverse party; length of the delay in requesting a jury trial; and the reasons for failing to make a timely jury demand." *Lawyer*, 1997 WL 24748, at *1.

### C. Discussion

Defendants move to strike Plaintiff's jury demand that was filed one year after Defendants' answers to Plaintiff's second amended complaint, emphasizing that the jury demand is untimely under Rule 38(b), which requires that a party file a jury demand within 14 days after the last pleading directed to the issue is served. In response, Plaintiff argues that it filed its jury

3

demand 11 days after IAR filed an amended answer that raised "new issues," making the jury demand sufficiently timely under Rule 38(b). (DE 17 ¶ 9). Plaintiff further asserts that even if its jury demand is untimely, the Court has discretion under Rule 39(b) to order a jury trial despite the belated filing. (DE 17 ¶ 10).

Plaintiff's jury demand is indeed untimely. As Defendants correctly assert, "supplemental pleadings do not extend the jury demand time, except as to any new issues which are raised for the first time by the supplemental pleadings." *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086, 1090 (7th Cir. 2001) (citing *Commc'ns Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985)); *see Westchester Day Sch. v. Vill. of Mamaroneck*, 363 F. Supp. 2d 667, 670 (S.D.N.Y. 2005) ("[I]t is well-established that an amendment does not revive a previously waived right to demand a jury trial on issues already framed by the original pleadings." (collecting cases)). Here, IAR's amended answer left its prior answer intact and raised only additional affirmative defenses now that NAR is no longer in the case. As such, IAR's amended answer raises no new factual issues that would revive Plaintiff's previously-waived right to demand a jury trial. *See Westchester Day Sch.*, 363 F. Supp. 2d at 670 (finding that Defendant's amended answer, which raised six new affirmative defenses but no new factual issues, did not revive its right to demand a jury trial).

Plaintiff does little to dispute this finding, other than conclusorily asserting that IAR's amended answer raised "new issues"—namely, by affirmative defense no. 17, which asserts that Plaintiff's underlying business activity "may not have been legal." (DE 107 ¶ 8). But as IAR points out in its reply, Plaintiff alleges in paragraph 59 of its second amended complaint that "Upstar and Upstar MLS were ostensibly concerned that Plaintiff's service *might violate laws*

prohibiting seller funded down payment assistance . . . ." (DE 66 ¶ 59 (emphasis added)). Similarly, Plaintiff alleges in paragraph 89 that "[t]he consuming public, who directed questions or concerns to Defendants about the Plaintiff, were directed to this article which gave a clear perception that Plaintiff *was operating an illegal seller assisted down payment plan*, which it was not." (DE 66 ¶ 89 (emphasis added)). And in paragraph 114, Plaintiff alleges that "Defendants repeatedly mislabeled Plaintiff's business plan *as an illegal seller funded down payment assistance*." (DE 66 ¶ 114 (emphasis added)). Therefore, whether Plaintiff's business has been operated legally was already an issue in Plaintiff's second amended complaint, and thus, it is not a "new issue" raised by IAR's amended answer. As such, Plaintiff's failure to demand a jury trial within 14 days of Defendants' filing their answers to Plaintiffs' second amended complaint on October 30, 2017, means that Plaintiff has waived its right to demand a jury. *See Fed. Ins. Co. v. Church*, No. 04-C-2478, 2005 WL 1500958, at *2 (N.D. Ill. June 8, 2005).

Plaintiff argues that even if the jury demand is untimely, the Court should exercise its discretion under Rule 39(b) to grants its belated request for a jury trial. But "Rule 39(b) require[s] a thoughtful exercise of discretion by the court." *Id*.; *see also Members*, 140 F.3d at 703. That is, once a plaintiff provides an explanation for his untimeliness, the Court "could then exercise its discretion, after analyzing the situation with an open mind, to grant or deny the untimely request in consideration of the explanation given and other circumstances surrounding the case." *Fed. Ins. Co.,* 2005 WL 1500958, at*2 (citation omitted); *see also Members*, 140 F.3d at *703-04. "The reason for the movant's failure to make a timely demand is frequently the determinative factor for the court in exercising its discretion." *Fed. Ins. Co.*, 2005 WL 1500958,

5

at *2 (citing *Noddings Inv. Group., Inc. v. Kelley*, 881 F. Supp. 335, 337 (N.D. Ill. 1995)); *see Members*, 140 F.3d at 704 (explaining that "the judge should exercise discretion under Rule 39(b) in light of that reason and the other circumstances").

Here, Plaintiff has failed to offer any reason for the untimely jury demand. Instead, Plaintiff asserts that this case is in the "early rounds of discovery" and that the parties have attempted mediation. (DE 107 ¶ 11). But discovery is not necessarily in the "early rounds" as Plaintiff suggests, as discovery closes on March 15, 2019 (DE 97), and this case is more than three years old. In any event, because Plaintiff has failed to offer any reason for his untimely jury demand, the Court cannot effectively perform "an analysis of the facts of the particular case" in connection with Rule 39(b). *Merritt*, 697 F.2d at 767. As a result, Plaintiff's waiver of a trial by jury under Rule 38(d) will stand.

### D. Conclusion

For the foregoing reasons, Defendants' motions to strike Plaintiff's jury demand (DE 103; DE 105) are GRANTED. The Clerk is DIRECTED to STRIKE Plaintiff's belated jury demand (DE 102) filed on November 13, 2018.

SO ORDERED.

Entered this 21st day of December 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge