UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DATA RESEARCH AND HANDLING INC., *doing business as* Workforce Relo, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:16-cv-00392-WCL-SLC ) |
| PONE VONGPHACHANH, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to compel filed by Plaintiff on December 18, 2018, asking that the Court compel Defendants to fully respond to certain of Plaintiff's First Requests for Production, Second Interrogatories, and Second Requests for Production. (DE 110). Defendants timely filed response briefs (DE 113; DE 114), but Plaintiff did not reply, and its time to do so has now expired. N.D. Ind. L.R. 7-1(d)(2)(B).

Plaintiff's motion to compel is obviously deficient. Plaintiff failed to file a separate Local Rule 37-1 certification representing that its counsel has conferred in good faith or attempted to confer in good faith with Defendants' counsel in an effort to resolve the matter without Court action. N.D. Ind. L.R. 37-1(a). The certification must state the date, time, and place of the conference or attempted conference and the names of all persons participating therein. N.D. Ind. L.R. 37-1(a). The Court may deny the motion on this basis alone. *See* N.D. Ind. L.R. 37-1(b).

Furthermore, there is no indication in Plaintiff's motion that the parties have conferred in good faith or attempted to confer in good faith in an effort to resolve the matter without Court

action. Rather, Plaintiff merely comments that the parties' counsel had "an exchange of emails," and then Plaintiff attaches one letter to its motion. (DE 110 at 2, 6).

"[S]everal correspondences may fail to meet Rule 37's standard if the court determines that the correspondences were not genuine two-way communications involving a meaningful dialogue." *Lewis v. Saint Margaret Mercy*, No. 2:11 CV 313, 2013 WL 214239, at *3 (N.D. Ind. Jan. 17, 2013) (citation omitted). "The communication specifically must address the conflict and appear to involve meaningful negotiations." *Id.*; *see Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-cv-00376-JD-RBC, 2011 WL 4005346, at *5 (N.D. Ind. Sept. 8, 2011) ("Such a dialogue occurs when the parties engage in bartering or negotiations rather than merely reciting their general stances on the issues." (citation omitted)); *Imbody v. C & R Plating Corp.*, No. 1:08-CV-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-CV-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue." (citations omitted)).

"The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). "The requirement to meet-and-confer must be taken seriously, because [b]efore the court can rule on a motion, the parties must demonstrate

2

they acted in good faith to resolve the issue among themselves." *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (alteration in original) (citation and internal quotation marks omitted).

Therefore, because Plaintiff failed to comply with the requirements of Local Rule 37-1, the motion to compel (DE 110) is DENIED without prejudice.

SO ORDERED.

Entered this 11th day of January 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge